Filed 4/20/15  P. v. Potter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY DEAN POTTER,<br><br>    Defendant and Appellant. | C076558<br><br>(Super. Ct. Nos. CM037998,<br>    SCR89226) |

In case No. CM037998, defendant Larry Dean Potter entered a no contest plea to the infliction of corporal injury upon a cohabitant in exchange for dismissal of the remaining count.  The trial court imposed the upper term of four years, suspended execution, and granted probation subject to certain terms and conditions, including various fees and fines.

About two months later, defendant violated probation by being under the influence of cocaine and alcohol.  The trial court lifted the stay on execution of the previously imposed sentence, awarded custody credit, and imposed the previously imposed fees and fines as well as a parole revocation restitution fine.

1

Defendant appeals. He contends that the trial court imposed certain dual fees and fines in case No. CM037998 that must be stricken.[1] The People respond that defendant is correct *if* the court imposed dual fees and fines. We reject defendant's contention.

When the court imposed sentence, suspended execution, and granted probation, the court imposed a $280 restitution fine, a $40 court security fee, and a $30 conviction assessment. After defendant violated probation, the stay was lifted on his sentence. In imposing fees and fines, the court expressly referred to the supplemental probation report for the list of the fees and fines. The supplemental probation report indicated which fees and fines had been "previously ordered," including the now-challenged $280 restitution fine, the $40 court security fee, and the $30 conviction assessment. Defense counsel, who had reviewed the supplemental probation report, had no objection.

In raising the issue of dual fees and fines, defendant has misread the record or failed to read the supplemental probation report, which reflects that the now-challenged fees and fines were "previously ordered." The trial court did not impose a second round of fees and fines. The trial court simply ordered defendant to pay the "previously ordered" fees and fines defendant now challenges on appeal. The abstract of judgment reflects just one set. Defendant's contention is frivolous and we reject it.

## DISPOSITION

The judgment is affirmed.

              RAYE       , P. J.

We concur:

     BLEASE     , J.

     ROBIE     , J.

---

[1] Defendant does not raise any issues with respect to case No. SCR89226, a misdemeanor violation of Vehicle Code section 23152, subdivision (a), for which the trial court imposed a concurrent six-month term.